**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOFIA SANTIAGO-RAMIREZ, | No. 08-70987 |
| Petitioner, | |
| v. | Agency No. A098-799-361 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:     RYMER, THOMAS, and PAEZ, Circuit Judges.

Sofia Santiago-Ramirez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her application for asylum and

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility finding because Santiago-Ramirez's testimony was inconsistent with the letter she submitted from Dennis and Flory Vander Zyl concerning the reason the gang harassed and mistreated her. *See id.* at 1040-44 (adverse credibility determination was reasonable under the Real ID Act's "totality of the circumstances"); *Pal v. INS*, 204 F.3d 935, 938 (9th Cir. 2000) (inconsistencies between testimony and documentary evidence support an adverse credibility finding). In the absence of credible testimony, Santiago-Ramirez's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We lack jurisdiction over Santiago-Ramirez' CAT claim because she did not exhaust it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

08-70987